People v Cano-Pringle

2026 NY Slip Op 03207

May 21, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Ny-Jair Cano-Pringle, Appellant.

Decided and Entered:May 21, 2026

CR-23-1554

Calendar Date: April 17, 2026

Before: Pritzker, J.P., Reynolds Fitzgerald, Mcshan, Powers And Ryba, JJ.

Lisa A. Burgess, Indian Lake, for appellant.

Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

[*1]

Appeal from a judgment of the County Court of Franklin County (Craig Carriero, J.), rendered May 11, 2023, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals.

Defendant contends that the waiver of his right to appeal is invalid because County Court unilaterally required him to waive his right to appeal as a condition of the plea agreement without providing a reason for doing so. We find this contention to be without merit. The People's offer, which was placed on the record at the commencement of the plea proceeding and to which the court committed, specifically included a waiver of the right to appeal in return for the agreed-upon disposition. Defendant was aware that the People required an appeal waiver as a condition of the plea agreement and he acknowledged that he had spoken with counsel and understood its consequences. The foregoing belies defendant's contention that County Court imposed the condition of an appeal waiver on its own accord. As such, an articulated basis for the imposition of that condition was not required (see People v Richards, 238 AD3d 1176, 1176 [2d Dept 2025], lv denied 44 NY3d 984 [2025]; People v Rodriguez, 235 AD3d 1193, 1194 [3d Dept 2025], lv denied 43 NY3d 965 [2025]). As defendant does not otherwise challenge the validity of the appeal waiver, his challenge to the severity of the sentence imposed is precluded (see People v Rodriguez, 235 AD3d at 1194).

Pritzker, J.P., Reynolds Fitzgerald, McShan, Powers and Ryba, JJ., concur.

ORDERED that the judgment is affirmed.